UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-72-RJC
(1:09-cr-17-GCM)

| | |
|---|---|
| ALBERT C. BURGESS, JR.,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>ATTORNEY GENERAL OF  )<br>THE UNITED STATES,  )<br>  )<br>Respondent.  )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's "Petition for a Writ of Habeas Corpus ad Subjiciendum," filed pursuant to 28 U.S.C. § 1651. (Doc. No. 1). Petitioner moves the Court for a hearing to challenge the legality of his incarceration and to determine if he is being held in violation of the laws of the United States. (Id.).

**I.   BACKGROUND**

On November 18, 2009, Petitioner was found guilty on both counts of a bill of indictment following a trial by jury. Count One charged Petitioner with possession of materials which involved the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Count Two charged Petitioner with knowingly receiving by computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (1:09-cr-17, Doc. No. 1: Bill of Indictment). On August 27, 2010, the Court entered a Judgment sentencing Petitioner to 240 months for conviction of Count One, and 292 months for conviction of Count Two, with both sentences to run concurrently. (Doc. No. 185). Petitioner's conviction and sentence are currently on appeal to

the United States Court of Appeals for the Fourth Circuit. United States v. Burgess, No. 09-4584 (4th Cir. filed Aug.10, 2010). Petitioner is presently in the custody of the Federal Bureau of Prisons ("BOP").

This is Petitioner's second motion under § 1651. In his first § 1651 Motion, Petitioner asserted that he had no other means for relief to press the followings claims: (1) his arrest and detention were a violation of his right to due process and his prosecution was illegal and against the law; (2) Petitioner's right to a speedy trial was denied under North Carolina law; (3) certain events complained of in his Motion, e.g., procurement of a state search warrant, entry into his home, his arrest, his trial, were illegal and violated Petitioner's rights under both state and federal law; and consequently, (4) Petitioner is entitled to an order which immediately releases him from the custody of the BOP. (1:11-cv-147, Doc. No. 1 at 4).

The Court denied Petitioner's first § 1651 Motion. The Court concluded that Petitioner was in federal custody actively serving his 292 month sentence, and therefore Petitioner could not proceed with a § 1651 Motion because this form of relief was not available to a federal prisoner in custody. (Doc. No. 2 at 3). The Court noted that the United States Supreme Court found that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (Id. at 2-3) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996) ). In Carlisle, the Supreme Court found that in light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." 517 U.S. at 429 (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original).

In the present, and second § 1651 Motion, Petitioner again contends that this motion and

2

this Court present "the only available remedy to the Petitioner concerning" the injustice as he alleges therein. (1:12-cv-67, Doc. No. 1 at 1). Petitioner contends that this Court has the authority under § 1651 to enter an order overturning a 1985 conviction Petitioner received in a South Carolina state court which left him incarcerated until 1998. As the starting basis for his claim for relief, Petitioner contends that the validity of a search warrant which was issued for a search of his residence was called into question by the Supreme Court of South Carolina. The Court vacated the conviction of his co-defendant, Clinkscales, on the ground that a search warrant which was used to search Clinkscales' residence relied on two sources of information that the Court found to be unreliable. Petitioner argues that because his co-defendant's conviction was set aside by the Supreme Court of South Carolina, he is entitled to an order setting aside his 1985 conviction. (Doc. No. 1 at 5-6).

As the Court explained in its Order dismissing Petitioner's first §1651 Motion, the § 1651 motion is not the proper vehicle to bring a challenge while he is in federal custody. See United States v. Smith, 77 F. App'x 180 (4th Cir. 2003) (dismissing § 1651 petition because petitioner was in federal custody and citing United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) ). In the South Carolina case attached to petitioner's second § 1651 Motion, and in contrast to the instant requested relief, Clinkscales filed an action in South Carolina state court in his successful bid to set aside his state conviction. Moreover, Section 2255 is available to challenge his sentence. To the extent Petitioner seeks relief under § 1651 to invalidate his South Carolina conviction, the Court must deny relief due to the fact that Petitioner is in federal custody and his present writ is not available to him during his stay in the BOP.

**IT IS, THEREFORE, ORDERED** that Petitioner's Writ under 28 U.S.C. § 1651, (Doc. No. 1), is **DENIED.**

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge